ROBERT L. BLAND, Judge.
Claimant filed his original claim herein on August 11, 1941. On August 21, 1941, the attorney general and the special assistant to the attorney general filed an objection in writing to the jurisdiction of the court to entertain said claim, but the said claim was placed on the trial calendar of the regular October term, 1941, for investigation and hearing on October 22; 1941. The claim was, at said term of the court, continued, on motion of claimant, with leave to amend his petition. Claimant’s amended petition was duly filed on February 15, 1942. Claimant alleges, substantially, that he is a resident of Weirton, an unincorporated town or city in Hancock county, West Virginia; that the streets and alleys of Weirton are secondary roads of the state of West Virginia; that on June 16, 1938, and for a long time prior to that date there was a large hole in the 3000 block of Elm street in said town or city of Weirton four feet wide, two and one-half feet deep and fifty or more feet in length; that on said last mentioned date his mother, Katie Dragon, fell into said hole and dislocated her shoulder; that his said mother was a diabetic and by reason of said fall into said hole she became bedfast and that her death occurred on November 24, 1940; that after said accident claimant was obliged *108 to leave his employment at the Weirton Steel Company in order to give his said mother proper nursing and attention and sustained loss of wages at the rate of twenty-five dollars per week from December 29, 1939; until June 23, 1941; that it was necessary to administer insulin to his said mother three times a day; that he administered such insulin, purchased her medicine, paid her medical and other bills and defrayed her funeral expenses; that he was obliged to expend $2,054.84 for medicine, doctor bills, funeral expenses and other necessary expenses incident to his mother’s sickness and death; that failure to repair said hole in Elm street constituted negligence on the part of the state road commission for which the state of West Virginia is liable. He seeks an award for an amount sufficient to compensate him for expenses incurred and paid by him on account of his mother’s sickness and death, and for the loss of time which he sustained in his employment at the Weirton Steel Company, and fixes the sum at $3,254.84. A plea denying liability was filed by the attorney general. The claim was placed on the trial docket for hearing on February 24, 1942, at a special term of the court of claims held in Wheeling, the county seat of Ohio county, West Virginia. At said special term of the court the attorney general filed a special plea to the jurisdiction of the court to entertain said claim on the ground that Elm street was not a part of the state highway system on June 16, 1938, and that the state road commission has never maintained said Elm street or designated it as a part of the highway system of West Virginia. When said claim was called for investigation and hearing on said 24th day of February 1942, said claimant did not appear in person or by counsel to prosecute the same. By leave of the court, respondent was permitted to introduce evidence showing , that Elm street in Weirton was never at any time a part of the highway system of the state of West Virginia, and the attorney general moved to dismiss said claim. A rule was issued and served upon the claimant requiring him to show cause, if any he could, why said claim should not be dismissed. Having failed to make any return to said rule or to show any cause why the claim should not be dismissed, said motion of the attorney general was sustained and the said claim dismissed.